1IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD J. HAMILTON                                                      PLAINTIFF

v.                                    Civil No. 6:21-cv-06016

DeANGELO EARL, Superintendent,
Ouachita River Correctional Unit ("ORCU"),
*et al.*                                                               DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by the Arkansas Division of Correction ("ADC") Defendants, Todd Ball, Maurice Culclager, Bryant Dallas, and DeAngelo Earl.  (ECF No. 8).  Plaintiff has filed a Response to the motion; and, the Defendants have filed a Reply to Plaintiff's Response.  (ECF No. 14, 15).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Ronald J. Hamilton, currently an inmate in the Ouachita River Unit of the Arkansas Division of Correction ("ADC"), filed this 42 U.S.C. § 1983 action *pro se* on January 29, 2021. (ECF No. 1).  Plaintiff filed an Amended Complaint on February 22, 2021.  (ECF No. 7).

Plaintiff's Amended Complaint asserts a claim for cruel and unusual punishment under the Eighth Amendment to the United States Constitution.  (ECF No. 7 at 4).  Plaintiff lists the date of occurrence as July 15, 2020, and names as Defendants DeAngelo Earl, Todd Bell, Maurice Culclager, and Bryant Dallas.  *Id.*  Plaintiff states that his claims against the Defendants are in their personal capacity only.  *Id.*   Plaintiff does not state an official capacity claim against any Defendant.  *Id.*

With respect to each Defendant, Plaintiff states that his rights were violated when he was left in an isolation area in hot temperature conditions.  Plaintiff alleges that this caused him to suffer rashes, cramps and possible nerve damage due to his kidney disease.  (ECF No. 7).  Plaintiff attaches several documents to his Amended Complaint, including grievance decisions from grievances dated 7/19/20, 7/25/20, 8/9/20, 8/11/20, and 8/23/20.  *Id.*

Although Plaintiff does not state an official capacity claim, in the area on the complaint form entitled "If you are asserting an official capacity claim, please describe the custom or policy that you believe caused the violation of your constitutional rights," Plaintiff states "Administrative Directive #18-26 Punitive Housing/Restriction page #5-6 part (18) states 'The pre-placement health evaluation is to ensure the inmate dose (sic) not have any medical conditions contradictory to such placement (Exhibit A-1) Dialysis charge nurse pass out this information sheet to show that I should avoid hot temperatures (Exhibit A-2)."  (ECF No. 7 at 9).

On March 22, 2021, the Defendants filed the instant Motion to Dismiss.  (ECF No. 11).  The Defendants argue that Plaintiff's claims against the Defendants should be dismissed because Plaintiff fails to state a claim upon which relief can be granted.  Defendants argue that Plaintiff sued the Defendants in their individual capacities and that qualified immunity bars Plaintiff's claims because he failed to plausibly allege a violation of a clearly established constitutional right.  The Defendants further argue that Plaintiff's claims should be dismissed because the doctrine of *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983.  (ECF No. 11, 12).  Finally, Defendants argues that to the extent any of Plaintiff's claims would imply a disciplinary decision be invalidated, those claims are barred by the *Heck* doctrine and should be dismissed in their entirety.  *Id.*  The Plaintiff has responded to the Defendants' Motion and denies the Defendants are entitled to the requested relief.  (ECF No. 14).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "[A] court should construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

As set forth above, Plaintiff argues that he suffered cruel and unusual punishment in violation of the Eighth Amendment when Defendants subjected him to confinement in an area of isolation in high temperatures causing him to suffer rashes, cramps and possible nerve damage due to his kidney disease. Specifically, Plaintiff argues that because of his medical condition he should have been moved from isolation to the SN-C barracks.

"[W]hen the State takes a person into its custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility of his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The constitution does not mandate comfortable prisons, but neither does it permit

inhumane ones.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities."  *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994)("[I]n this circuit the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").  Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities.  Claims for unlawful conditions of confinement include threats to an inmate's health and safety.  *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim Plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm.  *Farmer* at 834.  This standard requires an inmate to show that he is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials had "a sufficiently culpable state of mind."  *Id.*  "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'"  *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994) (*quoting, Wilson v. Seiter*, 501 U.S. 294 (1991)).

As set forth above, Plaintiff asserts that Defendants confined him in an area of isolation with high temperatures.  Plaintiff further asserts that due to his "kidney disease" this cause him to suffer "bad rashes, cramps and possible nerve damage."  (ECF No. 7 at 5).  Plaintiff's Amended Complaint states that he was kept in the isolation area despite recommendations from the dialysis charge nurse and dialysis head nurse that he be moved from isolation to SN-C barracks.  (ECF No. 7 at 6-7).  Plaintiff also asserts that "on 8-27-20" Dr. Daniels recommended that he be moved from isolation to SN-C barracks.  (ECF No. 7 at 5-6).

Defendants first argue that the matter should be dismissed because they are entitled to qualified immunity as "a prison official may rely upon a medical professional's opinion." (ECF No. 12). Defendants further argue that although Plaintiff's Amended Complaint asserts that Dr. Daniels stated that Plaintiff would be "better served in SN-C barracks," an exhibit to Plaintiff's Amended Complaint shows that Dr. Daniels further indicated that it was not an *emergency* to move Plaintiff to SN-C barracks.

The Court notes that although the Amended Complaint mentions August 27, 2020, with respect to Dr. Daniels' recommendation, exhibits attached to the Amended Complaint appear to note that Dr. Daniels' recommendation was given on August 14, 2020. (ECF No. 7 at 5, 29). Plaintiff's Amended Complaint further lists the initial date of occurrence as July 15, 2020, and references grievances with various dates throughout July and August of 2020. (ECF No. 7). As set forth above, on a motion to dismiss, the Court accepts as true the factual allegations of the complaint and draws all reasonable inferences in Plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009). Plaintiff's Amended Complaint asserts that a constitutional violation occurred well before Dr. Daniels' August statement and contains sufficient facts to state such a claim, at least at this stage of the proceeding.

Next Defendants argue that Plaintiff's claims should be dismissed because Defendants Ball, Culclager, Dallas, and Earl have supervisory roles over the prison and that *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and

internal quotation marks omitted).  A claim of deprivation of a constitutional right cannot be based solely on a *respondeat superior* theory of liability.  *See Monell v. Department of Soc. Servs.*, 436 U.S. 654, 694 (1978).

"[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone Cnty Jail*, 602 F.3d 920, 928 (8th Cir. 2010).  However, a prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Plaintiff has alleged that actions by each Defendant violated his rights.  (ECF No. 7 at 5-8).  Because the Court is addressing a motion to dismiss, and not a motion for summary judgment, the Court must assume all facts alleged in the Amended Complaint are true.  *Eckert v. Titan*, 514 F.3d 801, 806 (8th Cir. 2008).  Plaintiff's complaint need only "'give the defendants fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89 (2007)(internal citations and quotations omitted).  Here Plaintiff's allegations, taken as true, state a claim and give Defendants fair notice of the basis of the claim.

Finally, Defendants argue that Plaintiff's claims are barred to the extent a ruling in his favor would imply the invalidity of a disciplinary conviction.  While it is true that an inmate challenge to the validity of a disciplinary conviction is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), that concept appears to be inapplicable to Plaintiff's claims as stated in the Amended Complaint.  Although it appears from the Amended Complaint that Plaintiff was initially placed in isolation as a result of a disciplinary action, Plaintiff's does not appear to argue the invalidity of the disciplinary conviction, but rather the constitutionality of his confinement in an area that caused

issues due to his medical needs.   Accordingly, Plaintiff's claim does not run afoul of *Heck* and should be allowed to proceed at this point.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendants Motion to Dismiss (ECF No. 8) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 26th day of May 2021.**

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE