IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD J. HAMILTON                                                                                    PLAINTIFF

v.                                            Case No. 6:21-cv-06016

DEANGELO EARL; TODD BALL;
MAURICE CULCLAGER; and
BRYANT DALLAS                                                                                       DEFENDANTS

## ORDER

Now before the Court is the Report and Recommendation filed May 26, 2021, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 16). Plaintiff proceeds in this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*. On March 22, 2021, Defendants DeAngelo Earl, Todd Ball, Maurice Culclager, and Bryant Dallas (herein after referred to collectively as "Defendants") filed a Motion to Dismiss for Failure to State a Claim (ECF No. 11) and a brief in support (ECF No. 12). Plaintiff filed a response to the motion. (ECF No. 14). Defendants then filed a reply. (ECF No. 15).

Judge Bryant recommends that Defendants' motion be denied. (ECF No. 16). Defendants filed their objections to the Report and Recommendation. (ECF No. 18). This matter is now ready for consideration.

Defendants' Motion to Dismiss argued that Plaintiff's personal capacity claims are barred by qualified immunity, are inappropriately based on the doctrine of *respondeat superior*, and are barred by the *Heck*[1] doctrine to the extent the claims would imply a disciplinary decision be invalidated. (ECF No. 11). The Report and Recommendation found that Plaintiff's complaint alleges claims against the Defendants in their official capacity, Defendants are not entitled to qualified immunity because Plaintiff has alleged enough facts—at least at this stage of the proceeding—to assert a constitutional violation, Plaintiff is not

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

using *respondeat superior* as a basis of liability because Plaintiff's complaint alleges that each defendant violated his constitutional rights, and Plaintiff's claims are not barred by the *Heck* doctrine.  (ECF No. 16).

**I.      Discussion**

Defendants object to the Report and Recommendation on the grounds that: (1) Defendants were not sued in their official capacities; (2) Plaintiff did not sufficiently allege that the Defendants violated a clearly established right; and (3) Plaintiff's complaint alleges that Defendants are liable under *respondeat superior* because it only contains broad statements about the culpability of each defendant.  (ECF No. 18).  After the time to file objections passed, Plaintiff filed a response to the Defendants' objections and clarified that he is not bringing claims against the Defendants in their official capacity.  (ECF No. 20).  28 U.S.C. § 636(b)(1)(C) states that the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

**(1)     Official Capacity Claims**

A *pro se* litigant's pleadings are to be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Plaintiff's complaint did not check the box stating that he was bringing official capacity claims.  However, he filled out the section that asked him to describe the official capacity claims.  (ECF No. 7 at 9).  Defendants point to Plaintiff's response to the motion to dismiss where he stated that he did not contest that he was only bringing personal capacity claims.

The Court finds that Plaintiff did bring official capacity claims against Defendants.  The Report and Recommendation was correct to construe the pleadings liberally.  *See Erickson*, 551 U.S at 94.  However, Plaintiff is adamant that he does not want to bring official capacity claims against the Defendants.  While the Report and Recommendation analysis was correct, the official capacity claims against the Defendants are hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 41.

**(2)     Qualified Immunity**

To prevail at this stage of the proceedings, defendants must show that they are entitled to qualified immunity on the face of the complaint.  *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir.1996), *cert. denied*, 519 U.S. 1149 (1997).  The exhibits  attached to the complaint are part of the complaint for this purpose.

*See* Fed. R. Civ. P. 10(c); *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002). To determine whether Defendants are entitled to qualified immunity, the Court applies a two-prong framework: first, "whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right," and second, "whether the right was clearly established at the time of the alleged infraction." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). At this stage, there is enough presented to support a finding that this was a clearly, established right. *See Washington v. Denney*, 900 F.3d 549 (8th Cir. 2018); *see also Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997). Defendants' main argument is that the complaint does not meet the first prong.

To state a § 1983 claim for a violation of the Eighth Amendment, Plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This standard requires an inmate to show that he is incarcerated under conditions that pose a substantial risk of serious harm and that prison officials had "a sufficiently culpable state of mind." *Id.*

The Defendants' motion to dismiss stated that they are entitled to qualified immunity as "a prison official may rely upon a medical professional's opinion," therefore, they did not have the mental state required to assert a deliberate indifference claim. (ECF No. 12). They claim that Dr. Daniels told them that it was not an emergency to move Plaintiff from isolation to SN-C barracks. Dr. Daniels gave this opinion on August 14, 2020. (ECF No. 7 at 5, 29). The Report and Recommendation found that Plaintiff's complaint listed July 15, 2020 as the initial occurrence date and referenced grievances with various dates through July and August 2020. As a result, "Plaintiff's Amended Complaint asserts that a constitutional violation occurred well before Dr. Daniels's August statement and contains sufficient fact to state such a claim, at least at this stage of the proceeding." (ECF No. 16 at 5).

The Defendants' objections state that Plaintiff only takes offense to prison staff holding him in isolation after Dr. Daniels' recommendation. However, the complaint alleges that—prior to Dr. Daniels's recommendation—Defendants were warned about Plaintiff's medical condition by at least two nurses and a handout. (ECF No. 7 at 6–9) The dates of these alleged conversations are not clear. However, at this

stage of the proceeding, it is not sufficient to dismiss Plaintiff's complaint. Therefore, Defendants' objection is overruled.

**(3)**   *respondeat superior*

Defendants do not allege any new issues of law or fact. As stated earlier, the complaint does allege that separate conversations occurred between medical staff and each defendant.

## II.   Conclusion

Accordingly, it is hereby **ORDERED**:

1. The Report and Recommendation (ECF No. 16) is **ADOPTED AS CORRECTED**.

2. The official capacity claims against Defendants Earl, Ball, Culclager, and Dallas are **DISMISSED WITHOUT PREJUDICE**.

3. The motion to dismiss for failure to state a claim (ECF No. 11) is **DENIED** as to the personal capacity claims against Defendants Earl, Ball, Culclager, and Dallas for deliberate indifference.

**IT IS SO ORDERED** this 21st day of July 2021.

/s/ Robert T. Dawson
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**