IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONALD J. HAMILTON                                                    PLAINTIFF

v.                                    Case No. 6:21-cv-6016

SUPERINTENDENT
DEANGELO EARL, *et al.*                                              DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 84. Judge Bryant[1] recommends that Defendants' Motion for Summary Judgment (ECF No. 59) be denied. Defendants have objected. ECF No. 85. Plaintiff has responded to Defendants' objections. ECF No. 86. The Court finds the matter ripe for consideration.

## I. BACKGROUND

At all times relevant to this suit, Plaintiff was incarcerated in the Ouachita River Unit of the Arkansas Division of Correction ("ADU"). On July 15, 2020, Plaintiff received a major disciplinary infraction that resulted in him being placed in isolation. That same day, Plaintiff was moved into the section of the facility known as West Isolation and remained there until August 27, 2020. While in West Isolation, Plaintiff submitted a series of grievances arguing that his placement in that section of the facility was inappropriate due to his status as a dialysis patient.

Plaintiff filed his first grievance OR-20-00820 ("Grievance #1") on July 19, 2020, arguing that his status as a dialysis patient should preclude him from being housed in West Isolation. Plaintiff contended that his health status meant he needed to be housed in a certain Special Needs

---

[1] After the instant report and recommendation was issued, this matter was reassigned to the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, on March 20, 2023.

section ("SN-C") of the facility.  Grievance #1 was denied on July 27, 2020, with Defendant Warden DeAngelo Earl ("Earl") stating that there were no medical restrictions or scripts that precluded Plaintiff being housed in isolation and that previous instances of him being housed in SN-C were out of convenience.  Plaintiff's appeal of this denial argued that a response to grievance SNN19-00181 ("2019 Grievance") that he submitted the prior year informed him that he was supposed to only be housed in a special needs section.  This appeal was denied on September 14, 2020, with that decision determining that the 2019 Grievance did not show that Plaintiff's health status required him to be in a special needs unit and that the appeal was functionally moot because Plaintiff was now in SN-C.

Plaintiff submitted his second grievance OR-20-00874 ("Grievance #2") on July 25, 2020. Grievance #2 reiterated his argument regarding the 2019 Grievance, asserting that his medical condition prevented him from being in Isolation West.  Plaintiff further stated that he informed Major Warner of the situation and that Major Warner was waiting on an e-mail from other staff directing him to move Plaintiff out of Isolation West.  Grievance #2 was rejected on the grounds that it was a duplicate of Grievance #1.  Plaintiff's appeal of this rejection was denied on September 21, 2020, with the denial again determining that the 2019 Grievance did not support Plaintiff's contention and that the matter was moot because of Plaintiff's move to SN-C.

Plaintiff submitted his third grievance OR-20-00941 ("Grievance #3") on August 11, 2020. Grievance #3 argued that the high heat of Isolation West was incompatible with his status as a dialysis patient.  This grievance argued that the limited amount of fluid he could intake between dialysis treatments was being expelled due to the heat and that it was resulting in adverse health impacts.  The grievance further asserted that the dialysis charge nurse informed Defendant Captain Bryant Dallas ("Dallas") that Plaintiff needed to be moved out of Isolation West because of his

health status.  Defendant Earl rejected this grievance on August 27, 2020, noting that Dr. Daniels was consulted on August 14, 2020, and that Dr. Daniels did not believe Plaintiff's situation was an emergency requiring that he be moved out of Isolation West.  Plaintiff's appeal of this rejection argued that Dr. Daniel's opinion also noted that he would be better served with a move from West Isolation to SN-C.  That appeal was rejected on October 12, 2020, noting that relocation to isolation sections was typical for disciplinary violations and that Plaintiff had already been relocated to SN-C.

Plaintiff submitted his fourth grievance OR-20-00973 ("Grievance #4") on August 14, 2020.  Grievance #4 argued that "dialysis manager Fran and medical manager McCoy" had sent an email informing staff that Plaintiff needed to be moved to SN-C because of his health issues. Plaintiff asserted that Maurice Culclager and Defendant Dallas were aware of this need and were deliberately ignoring the situation.  This grievance was rejected on August 26, 2020, with Defendant Earl concluding that Maurice Culclager and Defendant Dallas have no say on Plaintiff's housing assignment and that McCoy had been consulted and stated there is no reason Plaintiff needed to be moved.  Plaintiff appealed this rejection, arguing that health staff had sent an email stating he needed to be moved and citing Dr. Daniels' opinion that he would be better served in SN-C.  This appeal was denied on October 8, 2020, with the denial noting that Plaintiff was now in SN-C and the issue was moot.

Plaintiff submitted his fifth grievance OR-20-00994 ("Grievance #5") on August 22, 2020. Grievance #5 argued that ADC regulations required that he be evaluated by medical personnel prior to being placed in isolation and that medical personnel have emailed security staff informing them of his need to be moved out of Isolation West.  This grievance was rejected, stating that medical staff had been consulted and that no relocation was necessary at this time.  Plaintiff

3

appealed the rejection, stating that dialysis nurse Fran, Dr. Daniels, and medical manager McCoy had sent an email asserting that Plaintiff needed to be moved to SN-C.  This appeal was denied on October 8, 2020, with the denial stating that the matter was now moot because of Plaintiff's relocation to SN-C.

Plaintiff submitted his final grievance SNN20-00252 ("Grievance #6") on August 23, 2020.  Grievance #6 argued that security staff, including Defendant Deputy Warden Todd Bell ("Bell"), were deliberately ignoring his health issues and keeping him in Isolation West despite being informed that Plaintiff should be moved to SN-C.  This grievance was rejected for being considered a duplicate of Grievance #5.  Plaintiff appealed this rejection, contending that it was distinct and more detailed that Grievance #5.  Plaintiff's appeal was denied on October 16, 2020, with the denial finding that the matter was moot because Plaintiff was now in SN-C.

Plaintiff filed his Complaint on January 29, 2021.  ECF No. 1.  Upon an order by the Court, Plaintiff filed his Amended Complaint on February 22, 2021.  ECF No. 7.  Plaintiff brings a single claim against Defendants Earl, Bell, Maurice Culclager,[2] and Dallas pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they kept him in the high heat of Isolation West despite knowing that it posed a significant health risk because of his status as a dialysis patient.  Plaintiff asserts that his prolonged exposure to the heat caused skin rashes next to his dialysis access port, muscle cramps, and nerve damage.  Plaintiff proceeds against Defendants in their individual capacities.

Subsequent to the filing of this suit, Plaintiff and Defendants have engaged in prolonged discovery involving several disputes in which Plaintiff asserted that Defendants were not adequately responding to his discovery requests.  These disputes lasted beyond the date Defendants

---

[2] Plaintiff's Motion to Voluntarily Dismiss Defendant Cuclager (ECF No. 70), was granted on September 1, 2022 (ECF No. 82).

filed for summary judgment.  Judge Bryant's report and recommendation summarized this ongoing dispute, and the Court will utilize parts of his summary to detail the disputes.

Defendants filed their Motion for Summary Judgement on March 7, 2022.  Defendants generally argue that the record fails to support Plaintiff's prima facie claim and that Defendants would be entitled to qualified immunity even if the record supported Plaintiff's claim.  ECF No. 60, p. 10.  On March 7, 2022, the Court entered an Order directing Plaintiff to file a Response to the Summary Judgment Motion.  ECF No. 62.  On March 14, 2022, the Court granted Plaintiff's Motion for Court Intervention concerning his ability to view his medical records.  ECF No. 63. Defendants were instructed to ensure that Plaintiff has reasonable access to view his medical record, in a timely manner, to prepare his case.  *Id*. at p. 2.  The Court also granted Plaintiff's Motion to Compel discovery in part, directing Defendant to produce a full copy of grievance SNN19-0081, produce requested emails "between individuals including dialysis personnel, medical personnel, and medical provider ombudsman, Charlotte Gardner, concerning Plaintiff, and his move to or from isolation."  *Id*. at p. 3.  Defendants were reminded that they must supplement their production with any medical records they received from contract medical providers after obtaining a HIPAA release from Plaintiff.  *Id*.

On March 23, 2022, the Court entered an Order granting Plaintiff an extension until May 2, 2022, to file his Response.  ECF No. 66.  Defendants were also ordered to ensure compliance with the requirements of the Court's Order granting Plaintiff's discovery requests by April 11, 2022.  *Id*.  On April 25, 2022, Plaintiff filed a Motion for Sanctions, stating the medical records he has been permitted to view were incomplete, missing items such as medical "scripts," doctors' notes, diagnoses, chronic care visits, emails, and health incident encounters.  ECF No. 68.  Plaintiff filed his Summary Judgment Response on May 2, 2022.  ECF No. 71.  Plaintiff's response argues

that summary judgment must be denied because Defendants have not provided all evidence requested through discovery and as ordered by the Court.  Plaintiff attached a sworn affidavit supporting his contention that he has not received the evidence Defendants were ordered to produce.  *Id.* at p. 5.

On May 6, 2022 — 4 days after Plaintiff's Summary Judgment Response was due, and almost a month after the Court had instructed Defendants to make Plaintiff's complete medical records available to him for review — Defendants filed their Response to Plaintiff's Motion for Sanctions.  In their Response, they stated that Plaintiff's medical records were voluminous and not amenable to review in one sitting, that ADC Health Services Administrator Crystal McCoy was compiling the records for 2022, and that they would be available for Plaintiff to review "next week." ECF No. 73.  They also stated that Grievance SNN19-00181 "was inadvertently left out of the documents sent to Plaintiff on March 23, 2022."  *Id.* at p. 2.  On May 11, 2022, the Court entered an Order denying sanctions, but again instructed Defendants to ensure Plaintiff's ability to conduct a complete review of his medical jacket.  ECF No. 77.  Defendants were instructed to ensure Plaintiff's ability to review his complete medical jacket by May 16, 2022.  *Id.*  Plaintiff was given until May 31, 2022, to supplement his Summary Judgement Response.  *Id.*  Plaintiff filed his Supplement on May 31, 2022.  ECF No. 78.

On January 24, 2023, Judge Bryant issued the instant report and recommendation.  Judge Bryant recommends that Defendants' motion for summary judgment be denied because the gaps in the factual record, which is significantly attributable to the actions or inactions of Defendants, cannot lead to the conclusion that Plaintiff has failed to make his prima facie claim.  ECF No. 84, p. 10-14.  Defendants objected, generally arguing that Plaintiff has completely failed to show the culpable mental state for his claim and that Defendants are entitled to qualified immunity.  ECF

No. 85.  Plaintiff responded to Defendants' objection, stating that the medical record's necessary for him to show that Defendants had knowledge of his medical status have been withheld from him.  ECF No. 86.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted).  Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A fact is material only when its resolution affects the outcome of the case. *See id.* at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *See Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).  However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  A party that fails to respond to any basis of a motion for summary judgment effectively waives any argument in opposition to that aspect of a

motion for summary judgment. *See Department of Labor v. EJ's Cleaning Services, Inc.*, 2020 WL 1432048 at *1 (E.D. Ark. March 19, 2020) (citing *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

An objection to a magistrate's report and recommendation must be both specific and timely to trigger *de novo* review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (specific objections shift a court's review from one which scrutinizes for plain error to one in which the issues are reviewed *de novo*); 28 U.S.C. § 636(b)(1). The Court finds that Defendants made specific objections to Judge Bryant's report and recommendation. Accordingly, the Court will conduct a de novo review of the instant report and recommendation.

## II. DISCUSSION

### A. Eighth Amendment Claim and Qualified Immunity

"It is well established that 'deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment.'" *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010) (quotation omitted). A claim for inadequate medical care under the Eighth Amendment has an objective and a subjective component. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). The first component requires showing that a plaintiff had an objectively serious medical need. *See id.* "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (quotation omitted). "A medical need that would be obvious to a layperson makes verifying medical evidence unnecessary." *Id*.

The second component requires showing that prison officials were aware of that objectively serious medical need but disregarded that need. *See Jolly*, 205 F.3d at 1096. The

deliberate indifference standard is similar to criminal recklessness and requires showing more than mere negligence. *See Letterman v. Does*, 789 F.3d 856, 862 (8th Cir. 2015). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). "The question of whether the official knew of the substantial risk is a factual one 'subject to demonstration in the usual ways, including inference from circumstantial evidence.'" *Id*. (quotation omitted). When a potential serious medical need arises, "[a] prison official may rely on a medical professional's opinion if such reliance is reasonable." *McRaven v. Sanders*, 577 F.3d 974, 980-81 (8th Cir. 2009).

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quotation omitted). Determining whether a defendant is entitled to qualified immunity involves two considerations: whether the alleged conduct deprived a plaintiff of a constitutional right, and whether the right was clearly established at the time of the alleged conduct. *See Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012) (citation omitted). A right is clearly established when "every reasonable official would have understood that what he is doing violates that right" because "existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix*, 577 U.S. at 11-12. A court may address either prong of the qualified immunity inquiry first. *See Jones*, 675 F.3d at 1161 (citation omitted). While qualified immunity is a question of law for a court to decide, it must be based on the factual record evaluated in the light most favorable to the non-moving party. *See id*. at 1161-62.

**B. Motion for Summary Judgment**

Defendants' motion for summary judgment argues that the record lacks facts sufficient to support Plaintiff's Eighth Amendment claim and that Defendant Earl cannot be liable under any of Plaintiff's allegations. ECF No. 60, p. 5-10. Defendants initially assert that qualified immunity bars Plaintiff's claims, but do not explain how it applies in this matter other than a passing citation to cases stating that prison officials are entitled to rely on a medical professional's opinion. *Id*. at pp. 5, 7-8.

Regarding the first prong of Plaintiff's Eighth Amendment claim, Defendants first argue that there is nothing in the record to suggest Plaintiff's condition in confinement constituted a serious medical need requiring treatment. *Id*. at p. 8. Defendants contend that the only medical evidence in the record is the opinion of Dr. Daniels stating that Plaintiff's placement in West Isolation was not an emergency requiring that Plaintiff be relocated. *Id*. at p. 8-9. Defendants also argue that Plaintiff cannot point to any communications in the record from medical staff to security staff that Plaintiff had a medical issue that required he be moved to SN-C. *Id*. at p. 9.

As to the second prong of Plaintiff's claim, Defendants argue that there is no evidence in the record that any prison official was deliberately indifferent to any potential medical issue Plaintiff was experiencing. *Id*. Defendants assert that Grievance #3 filed on August 11, 2020, was the first instance in which Plaintiff referenced adverse health impacts from the heat in Isolation West. *Id*. Defendants contend that they promptly consulted with Dr. Daniels after Grievance #3, who conveyed a couple of days later that Plaintiff's circumstances did not rise to the level of an emergency requiring his relocation. *Id*. at p. 9-10. Defendants argue that this forecloses any suggestion that staff was deliberately indifferent to any possible serous condition. *Id*. at p. 10. Defendants also argue that the undisputed evidence shows that Plaintiff was adequately treated for

any issue he did experience and that Defendant Dallas had no authority regarding where Plaintiff was housed.  *Id*.  Lastly, Defendants argue that the claims against Defendant Earl must fail because there is no general liability for supervisors for § 1983 claims.  *Id*. at p. 10-11.

Plaintiff's initial response argues that Defendants had not adequately responded to discovery requests and that he could not offer evidence to properly oppose their summary judgment motion.  ECF No. 71.  Plaintiff contends that certain emails he believed were sent by medical staff to security staff have not been produced.  *Id*. at p. 2.  Plaintiff contends that these would be evidence of Defendants' awareness of his serious medical condition in West Isolation. *Id*.  Plaintiff also contends that medical record evidence required to dispute Defendants' asserted facts was also not produced.  *Id*. at p. 2-3.  Plaintiff's supplement to his response reiterates that certain evidence requested in discovery that would permit him to support his claim has not been produced.[3]  ECF No. 78.  Plaintiff notes that one email from medical staff to security staff was produced by Defendants, but that any responses to that email have been withheld and that no other email he has requested has been produced.  *Id*. at p. 1-4.  Plaintiff also argues that the medical record evidence requested by him but not produced would allow him to dispute Defendants' assertion that there were no medical restrictions or scripts that stated Plaintiff could not be housed in Isolation West.  *Id*. at p. 2.  Plaintiff also contends that this lack of medical record evidence prevents him from showing the inadequacy of any medical treatment he did receive.  *Id*.

### C. Judge Bryant Report and Recommendation

Judge Bryant recommends that Defendants' motion for summary judgment be denied because of gaps in the factual record resulting from Defendants' inaction during discovery.  Judge

---

[3] The Court notes that some pages of Plaintiff's Supplement (ECF No. 78) seem to be missing. The substantive portion ends at page two while the page numbers indicate that four pages should be present.  The remaining pages are attached exhibits.

Bryant first takes note of certain facts that are not in dispute: that Plaintiff has kidney disease[4] requiring dialysis, that he was housed in West Isolation from July 15, 2020 until August 27, 2020, that West Isolation does not have air-conditioning, that outside temperatures during this relevant period were consistently above 90 degrees Fahrenheit, that Plaintiff received a pamphlet during an exam prior to being placed in West Isolation warning of exposure to excessive heat as a dialysis patient, that he was housed in SN-C for his five prior disciplinary confinements, and that the 2019 Grievance indicates that Plaintiff's prior placement in SN-C during a disciplinary period was at least partially influenced by his medical status. ECF No. 84, p. 11-13. Judge Bryant then takes note of certain evidence that is not in the record, such as any of Plaintiff's medical records and any affidavits from ADC medical staff or Defendants regarding Plaintiff's medical records. *Id*. at p. 12.

Judge Bryant finds that the responsibility for the absence of this material falls on Defendants as gatekeepers of Plaintiff's medical records and that they may not now use its absence to argue that the record lacks facts supporting Plaintiff's claim. *Id*. at p. 12, n3. Judge Bryant also finds that the only medical evidence in the record, the email from Dr. Daniels on August 14, 2020 that was provided by Defendants, does not give any indication as to what Defendants knew regarding Plaintiff's medical status when he entered Isolation West on July 15, 2020. *Id*. Noting that the motion must be evaluated in the light most favorable to Plaintiff, Judge Bryant concludes that Defendants have not met their burden of showing that there are no material facts in dispute regarding Plaintiff's Eighth Amendment claim. *Id*. at p. 13-14. Judge Bryant also finds that it is clearly established that excessive temperatures rise to an Eight Amendment violation when an inmate suffers from a medical condition making them vulnerable to such temperatures and prison

---

[4] Plaintiff's condition is severe enough that it has recently required the removal of both of his kidneys. ECF No. 80.

staff are aware of the condition.  *Id*. at p. 11.  Finding that Plaintiff has alleged such a scenario, Judge Bryant concludes that Defendants are also not entitled to qualified immunity for Plaintiff's claim.  *Id*. at p. 13-14.  As to Defendant Earl, Judge Bryant finds that Plaintiff's complaint makes identical allegations against all Defendants regarding their knowledge of and deliberate indifference to his medical needs.  *Id*. at p. 14.  Judge Bryant then concludes that Defendants' assertions that Earl was only a supervisor reviewing grievances does not undermine Plaintiff's allegations that Defendant Earl displayed the requisite deliberate indifference to his serious medical need.  *Id*.  Therefore, Judge Bryant recommends that Defendants' motion for summary judgment be denied in full.  *Id*.

Defendants' objection first argues that the record contains no indication that they ever had the required mental state to support Plaintiff's claim.  ECF No. 85, p. 2-3.  Defendants emphasize that they consulted Dr. Daniels when they first were made aware of any potential issue with placing Plaintiff in Isolation West and contend that this shows that they were not deliberately indifferent to any medical needs.  *Id*. at p. 2.  Defendants also contend that Plaintiff has not provided any evidence to show that Defendants had any awareness of a potential medical need prior to Grievance #3 filed on August 11, 2020.  *Id*.  Defendants also argue that they are entitled to qualified immunity even if they violated Plaintiff's right because it was not clearly established at the time that they could not reasonably rely on medical advice from Dr. Daniels in circumstances such as this.  *Id*. at p. 3.  Plaintiff's response to Defendants' objections reiterates that the current factual record suggests Defendants knew of his serious medical need and that his medical records, which would further establish their knowledge of that need, have been withheld from him.  ECF No. 86, p. 1-3.

**D. Court's Analysis**

The Court finds that Judge Bryant's recommendation is correct.  Plaintiff alleges that he had a prior medical restriction advising that his condition precluded him being placed in West Isolation.  The medical record evidence that Plaintiff contends would allow him to show such a restriction is under very restricted access and Plaintiff has detailed an extremely difficult time gaining access to any of those records.  Such evidence could significantly contribute to showing the two prongs of Plaintiff's Eighth Amendment claim: that Plaintiff indeed had an objectively serious medical need while in West Isolation, and that Defendants were aware of and actively disregarded that need.  *See Jolly*, 205 F.3d at 1096.  Accordingly, the requirement that Defendants' motion be evaluated in the light most favorable to Plaintiff requires that the Court not reward Defendants for factual voids that have arisen because of their own inaction.  *See Nitsche*, 446 F.3d at 845.  Therefore, the current lack of certain factual evidence in the record prevents the Court from making a summary judgment determination in favor of Defendants at this time.

Judge Bryant's recommendation regarding Defendant Earl is also sound.  Defendants are correct that a defendant cannot be liable for a § 1983 claim simply based on their status as a supervisor of those alleged to have violated a plaintiff's rights.  *See Langford*, 614 F.3d at 460. However, Plaintiffs' allegations are that Defendant Earl had personal knowledge of his medical needs and was deliberately indifferent to them.  Defendant Earl is not being named as a defendant simply because he was a supervisor.  Also, the fact that he was not the individual who would personally provide medical care to Plaintiff does not shield him from potential liability.  *See id*. (supervisors can incur liability when they have knowledge a serious medical need and "their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices.") (quotation omitted).

The Court also finds that Defendants have failed to establish that they are entitled to qualified immunity at this time.  As Judge Bryant noted, it was clearly established at the time of Plaintiff's confinement in West Isolation that it is an Eighth Amendment violation when a prisoner is exposed to prolonged excessive heat when prison officials know that the prisoner has a health condition that makes them particularly vulnerable to such conditions.  *See Ball v. LeBlanc*, 792 F.3d 583, 593-96 (5th Cir. 2015).  The Court finds that this is the scenario Plaintiff has alleged in his complaint.  Defendants' argument that it was not clearly established that they could not rely on Dr. Daniels' August 14, 2020, advice is not persuasive.  Plaintiff's allegation is that Defendants knew of his medical status from the moment he was placed in West Isolation on July 15, 2020.  As previously noted, the Court has determined that the factual gaps resulting from Defendants' seemingly half-hearted participation in discovery prevents the Court from truly evaluating Plaintiff's medical needs or Defendants' knowledge of those potential needs during that time period.  Therefore, as it did regarding Plaintiff's Eighth Amendment claims, the Court finds that the lacking factual record precludes the Court from being able to make a determination on qualified immunity at this time.  *See Jones*, 675 F.3d at 1161.  Accordingly, the factual record will need further development before the Court can properly evaluate whether Defendants are entitled to qualified immunity for Plaintiff's claim.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the instant Report and Recommendation (ECF No. 84) should be and hereby is adopted *in toto*.  Accordingly, Defendants' Motion for Summary Judgment (ECF No. 59) should be and hereby is **DENIED**.  This matter is referred to United States Magistrate Judge Mark E. Ford to further address the remaining discovery issues in order to develop the necessary factual record in this matter.

**IT IS SO ORDERED**, this 28th day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge